Abbe *v.* Clark.

## ABBE *vs.* CLARK.

The code does not give to a defendant the right to object to the nonjoinder of a party, unless he pleads or gives notice of the defect.

If no notice of the defect is given. the objection is not available, except upon the question of damages.

Where two partners have a right of action against a third person, for a tort, and one of them assigns his right and interest in the claim to the other, who sues thereon, in his own name, if the defendant omits to set up the nonjoinder of the other partner, in his answer, or to give notice of the defect, he cannot insist upon the nonjoinder as a defense, upon the trial.

And assuming that such an assignment is invalid, and that the right of action remains in both partners, yet it is not a case for apportioning the damages; but the plaintiff is entitled to recover the entire sum awarded.

Abbe *v.* Clark.

THIS was an appeal from a judgment of the Oneida county court, reversing the judgment of a justice of the peace. Abbe, the plaintiff, and one J. R. Dunning, who were partners in, or joint owners of, a horse, exchanged horses with the defendant, in October, 1853; in which exchange it was alleged that Abbe & Dunning were defrauded by the defendant. On the 13th of February, 1855, Dunning sold and assigned his right and interest in the claim or right of action against the defendant for the fraud. The plaintiff, Abbe, thereupon brought an action before a justice of the peace, for the fraud, in his own name; setting forth the assignment from Dunning, in his complaint, and demanding judgment for $100. The defendant put in a general answer, denying the allegations of the complaint. The answer was not accompanied by any notice of special matter constituting a defense. The plaintiff recovered a judgment for $100, besides costs. This judgment was reversed by the county court; and the plaintiff appealed to this court.

*Pomeroy & Southworth,* for the appellant.

*J. T. Spriggs,* for the respondent.

*By the Court,* PRATT, J. Within the case of *Zabriskie* v. *Smith,* (3 *Kern.* 322,) the county court erred in reversing the judgment of the justice. That case is on all fours with this, and unless a different rule of pleading is to apply to justices' courts from that applicable to courts of record, it disposes of the question.

It is insisted that section 144 (of the code) does not apply to pleadings in justices' courts, but that does not necessarily aid the respondent. No part of the code gives the defendant the right to object to the nonjoinder of a party, without pleading or giving notice of it. By the rule in the code applicable to pleadings in justices' courts, (§ 74, *subd.* 4,) the answer may contain a denial of the complaint, or of any part thereof, and also a notice, in a plain and direct manner,

of any facts constituting a defense. In this case no notice of this defect was given. It was therefore not available, except upon the question of damages. At common law, in actions in form *ex delicto*, if a party who ought to be joined as plaintiff was omitted, the objection could only be taken by plea in abatement or by way of apportionment of damages on the trial. The defendant could not, under the plea of the general issue, give evidence of the nonjoinder of a party plaintiff as a ground of nonsuit on the trial; nor could he demur or move in arrest of judgment for that cause, although the defect appeared on the face of the record. (1 *Chit. Pl.* 76. 1 *John.* 471. 6 *id.* 108.)

It is a question whether a plea in abatement is not abrogated by the code, but there is no difficulty in giving notice of it as a defense. And if that cannot be done, the damages might, in a proper case, be apportioned on the trial. There is no rule, either under the code or at common law, which will allow the evidence to be given as a bar without answer or notice setting it up.

The remaining question is whether damages should have been apportioned. In the case of *Zabriskie* v. *Smith* the action was for deceit, and there had been in that case, as in this, an attempt by one partner to assign the demand of his copartner. Judge Denio held that there was a distinction in such cases from the ordinary case of tenants in common. In the latter case the interest is not joint, and therefore the recovery by one would not bar a right of action or recovery by the other. The case of partners he held to be different. They had more of the character of joint tenants, and assuming that the assignment was void, the right of action would be joint and the damages when recovered go into the common stock, and would necessarily enure to the joint benefit of both. Hence the court in that case held that the damages need not be apportioned, and that a recovery by one, of the entire damage, was right.

Whether the peculiarity of the relation between partners

should not affect the validity of an assignment of one to his copartner of his interest in a joint right of action for a tort, it is not necessary to inquire. In the case of tenants in common, it requires an assignment or sale to pass the undivided interest of one to the other. But in the case of joint tenants, that is not necessary. A release from one to the other would be sufficient. But it is enough in this case that the defendant, not having in any manner set up the nonjoinder in his pleading, could not insist upon it as a defense, upon the trial. And assuming that the assignment was invalid, and that the right of action remained in the two living partners, it was not a case for apportioning the damages, and the plaintiff was entitled to recover the entire sum. Whether the defendant knew of the defect in the property was a question of fact, and as there was some evidence charging him with such notice, the verdict of the jury is conclusive.

The judgment of the county court reversed and that of the justice affirmed.

[OSWEGO GENERAL TERM, July 7, 1857, *Hubbard, Pratt, Bacon* and *W. F. Allen,* Justices.]