GEORGE DURYEE, Respondent, *v.* ANDREW LESTER, Appellant.

*It seems,* that where a broker to sell is at the same time the broker to buy, the fact of the double agency, if unknown to the principals, is a breach of his implied contract with each: he cannot, in such case, recover a compensation for his services; and this, irrespective of the consideration whether the sale made was or was not advantageous to the party from whom the compensation is claimed.

In an action, however, by the broker against one of his principals, the double employment and want of knowledge on the part of defendant hould be pleaded; at least the question should be raised in some form on the trial; it is too late to raise it the first time on appeal.

Plaintiff's complaint alleged his employment as broker by defendant, to sell, the rendition of services resulting in a sale, and claimed to recover the usual broker's commission. The answer was a general denial. The court, after a statement of the issues, charged, in substance, that if the jury found that plaintiff was employed, and that whatever services he rendered were rendered under the employment, he was entitled to recover the usual commissions. *Held,* that an exception to this charge did not present the question as to a double employment; that the charge must be construed as referring to the questions presented and litigated on the trial, *i. e.,* the employment and the services; that, as so construed, it was not erroneous.

(Argued November 27, 1878; decided December 10, 1878.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 11 J. & S., 564.)

This action was brought to recover compensation for alleged services as broker in the sale of certain personal property.

The facts appear sufficiently in the opinion.

*A. J. Vanderpoel*, for appellant. It is improper and against public policy for a broker on a sale to recover commissions from both the vendor and vendee, except in a case where both parties have notice of his employment and each agree to pay him a commission. (*Rowe* v. *Stevens*, 53 N. Y., 621; *Everhart* v. *Searle*, 71 Penn., 259; 25 id., 359; *Parker* v. *McKenna*, L. R. [10 Ch. App.], 116; *Lynch* v. *Fallon*, 11 R. I., 311; *Raisin* v. *Clark*, 41 Md., 158; 16 Am. L. Reg. [N. S.], A. D. 1877; *Farnsworth* v. *Hemmer*, 1 Al., 494; *Ballman* v. *Loomis*, 41 Conn., 581; *Price* v. *Wood*, 113 Mass., 133; *Pugsley* v. *Murray*, 4 E. D. Smith, 245; *Vanderpoel* v. *Kearns*, 2 id., 170; *Watkins* v. *Cousall*, 1 id., 65; *Rice* v. *Wood*, 113 Mass., 133; *Walker* v. *Osgood*, 98 id., 348; *Fuller* v. *Dame*, 18 Pick., 472.) If a person negotiates a transaction and is not at the time doing business as a broker, his compensation depends upon the value of his services and not the usage of brokers. (*Main* v. *Eagle*, 1 E. D. Smith, 619; *Erben* v. *Lorillard*, 2 Keyes, 567; *Lyon* v. *Valentine*, 33 Barb., 271.)

*Theron G. Strong*, for respondent.

ANDREWS, J. The principal ground relied upon for the reversal of the judgment is that the plaintiff in the transaction was acting as broker for both parties to the sale, without disclosing the fact to the defendant.

It is implied in every contract of agency that the agent shall use his best efforts to promote the interests of his principal, and it is ordinarily inconsistent with the proper discharge by a broker of his duty to one employer that he shall at the same time, and in the same matter be acting for another. The interests of the seller and purchaser of property in the negotiation for its sale are adverse. It is the interest of the

seller to get the highest price, and of the purchaser to buy
at the lowest. So when a broker to sell, is at the same time
the broker to buy, the fact of the double agency if unknown
to the principals, is a breach of his implied contract with each,
and operates, or is likely to operate as a fraud upon both.
The law therefore to prevent fraud, and upon the most
obvious reasons of justice and policy will not in such a case
enforce the contract for compensation, and this, irrespective
of the consideration whether the sale made was or was not
advantageous to the party from whom the compensation is
claimed. (*Everhart* v. *Searle*, 71 Pa., 259 ; *Farnsworth* v.
*Hemmer*, 1 Allen, 494 ; *Parker* v. *McKenna*, 10 L. R. Chy.
App. Cas., 116.)

The difficulty in considering the question in this case is
that assuming the double agency existed, the objection was
not taken below. The matter properly we think should
have been pleaded (1 Chitty Pl., 501; *Potts* v. *Sparrow*,
6 Car. & P., 671; *McKyring* v. *Bull*, 16 N. Y., 297), but
at all events the question should have been raised in some
form on the trial, and it is too late to raise it for the
first time on appeal. The complaint avers the employ-
ment of the plaintiff by the defendant as broker to dispose
of the defendant's goods; the service rendered by him,
resulting in a sale to Sprague, and that the plaintiff was enti-
tled to recover the usual broker's commission of five per cent
on the value of the goods sold, concluding by an averment that
the commission had not been paid, and with a demand of judg-
ment. The answer simply denies the complaint, putting in issue
thereby only the employment, the services and their value.
The main question litigated on the trial was the existence
of the contract of employment. The plaintiff testified posi-
tively to facts from which an employment could be inferred,
and the defendant directly denied it. The defendant at the
close of the plaintiff's case, moved to dismiss the complaint
on two grounds. (1.) That no evidence had been given show-
ing the defendant had employed the plaintiff, and (2.) That
there was no evidence that the plaintiff made the exchange

in question.   The motion was denied and was renewed on the same grounds, and again denied at the close of the evidence.   There was evidence tending to establish both of the facts negatived in the motion to dismiss.   It is clear that the point now relied upon was not raised by the motion.   It is claimed however that it was raised by an exception to a part of the charge in which the judge said, "if you (the jury) believe the testimony of the plaintiff, and upon that find that he was employed as a broker; that whatever services he rendered he rendered under such employment, then he will be entitled to receive at your hands a verdict of $2,580.59." This clause in the charge followed a statement by the judge to the jury of the issue between the parties, viz. : whether the plaintiff was employed by the defendant as a broker to sell the defendant's goods, and whether the defendant agreed to pay him commissions in case of a sale, and also whether the sale was effected through the plaintiff's agency.

The language of the court in the part of the charge excepted to, must be construed as referring to the questions presented and litigated on the trial, and it could not have been understood that the exception was pointed to the validity of the contract of employment, in the view now suggested.

The court assumed, as it had a right to assume from the course of the trial, that the only question was as to the employment and the services.   If the defendant had raised the question as to the validity of the contract, or the fraud of the plaintiff in acting for both parties, the plaintiff would have had the opportunity to offer additional evidence on the subject, and we cannot say that he might not have brought himself within the case of *Rowe* v. *Stevens* (53 N. Y., 631).

There was no conflict as to the value of the services, if the employment existed, and the plaintiff was the procuring cause of the sale, and these questions, which were the only ones controverted on the trial, were submitted to the jury.

The judgment should be affirmed.

All concur.

Judgment affirmed.