[1] The learned justice has evidently overlooked the citation and statement of this case in *Coleman* v. *Heller*, 13 *S. C.*, 496. In that case the Circuit judge substituted a new plaintiff at the trial, and gave defendants no time to answer. This court held that it was error not to give defendants time to answer, but, as to the substitution, say (p. 495): "It was in the discretion of the Circuit judge at the trial, in furtherance of justice, to grant an order striking out the name of one person and inserting that of another as plaintiff."—REPORTER.

---

LIBERIAN EXODUS JOINT-STOCK STEAMSHIP CO. v. RODGERS.

1.  Where a plaintiff corporation alleged its corporate existence, and defendant answered such allegation by a denial of knowledge or information sufficient to form a belief, the plaintiff's corporate existence or capacity to sue is not in issue.

2. Matters which are causes of demurrer under section 165 of the code of procedure (except as provided in section 169) can only be objected to by demurrer when they appear upon the face of the complaint, or when not so appearing, by special allegations thereof in the answer. They cannot be put in issue by a general denial.

3. *Commercial Insurance and Banking Co.* v. *Turner*, 8 *S. C.*, 110, recognized and followed; and this case distinguished from *Chicora Company* v. *Crews*, 6 *S. C.*, 243.

Before Cothran, J., Charleston, February, 1883.

The opinion states the case. The order of the Circuit judge refusing a motion to set aside the order of nonsuit was as follows:

There is no doubt that at common law, in a suit brought by a corporation, it was necessary for the plaintiff to prove themselves duly incorporated by competent authority, on the plea of the general issue. *Ang. & Ames Corp.*, § 634. In some of the states, and notably in New York, to relieve corporations from the expense and inconvenience of preparing in every case of an action by a corporation, where the general issue was pleaded, to prove its charter, the common law rule was modified and the defendant was required, if he really desired to litigate that question, to plead in abatement or bar that the plaintiffs were not a corporation. No such legislation has been adopted in this state, and the common law rule was accordingly recognized and applied in *Chicora Co.* v. *Crews*, 6 *S. C.*, 243, where the defendant was permitted to attack the corporate existence of the plaintiff in an action brought to recover the value of property which came into his possession as the plaintiff's agent. There is nothing in the cases cited by the movants (*S. & A. R. R. Co.* v. *Ezell*, 14 *S. C.*, 285; *Chubb* v. *Upton*, 95 *U. S.*, 665; *Eaton* v. *Aspinwall*, 19 *N. Y.*, 119) in conflict with the rule laid down in *Chicora Co.* v. *Crews*. In all those cases the defendants sought to take advantage collaterally of mere irregularity in the organization of the suing corporation, and it was held that they could not do so.

But if my construction of the act of 1874 be correct, then this is not a case of defective organization under the charter or act of incorporation, nor of erroneous proceedings after the neces-

sary steps were taken to the assumption of corporate powers; but there is an absolute want of proof that any corporation was ever called into being which had the right to sue or be sued in its corporate name. To cases of this sort, the rule contended for is wholly inapplicable.

For the same reason, I am of opinion that the movants cannot succeed upon the second ground upon which their motion is based; that is, that the existence of the corporation cannot now be assailed collaterally, but must be attacked in the manner prescribed by section 426 of the code, in a proceeding instituted by the attorney general. That section and the other sections immediately preceding and succeeding it, referring to the same subject, assume the existence of a corporation. The ground taken here by the defendant, and to which I agree, is that the plaintiff is not a corporation. This case falls under the decision of the Supreme Court in the case of the *Chicora Co.* v. *Crews, supra,* and as a decision of that court, unreversed and unreviewable by me, I am constrained to follow it, and to refuse the motion to set aside the nonsuit; and it is so ordered and adjudged.

*Mr. S. J. Lee,* for appellant.

*Messrs. Lord & Inglesby,* and *S. Hyde,* contra.

March 22, 1884. The opinion of the court was delivered by MR. JUSTICE McGOWAN. This was an action to recover $7,325 on the following contract:

"CHARLESTON, December 1st, 1879.

"I will sell and convey all my right, title, and interest in the Azor, unto the Liberian Exodus Joint Stock Steamship Co., for the sum of twenty-six hundred and seventy-five dollars. This offer to be accepted and the above amount of twenty-six hundred and seventy-five dollars paid into my hands on or before November 11th, 1880, otherwise this offer to be null and void.

(Signed,)                              "F. S. RODGERS."

Paragraph I. of the complaint alleged: "That the plaintiff is and was, at the date of the agreement hereinafter mentioned, a

body corporate under the laws of the state of South Carolina;"
to which the defendant answered as follows: "That he has no
knowledge or information sufficient to form a belief as to the
truth of the allegation contained in the first paragraph of the
complaint."

The plaintiff proved that on November 8th, 1879, the bark Azor
was bought by the defendant from the U. S. marshal for $2,950,
$450 of which being furnished by the plaintiff, and the bill of sale
was taken in the name of the defendant.  On June 7, 1880, the
defendant sold the Azor for $4,500.   The plaintiff also offered in
evidence a charter of incorporation from the clerk of the Court
of Common Pleas of Charleston county under the act of 1874
(reënacted as chapter XXXIX. of *Gen. Stat.*), upon the subject
of "corporations organized under general statutes," granting to
certain persons, under the name and style of "The Liberian
Exodus Joint Stock Steamship Company of Charleston, S. C.,"
the right to carry on and conduct the business of "transporting
passengers and freight along the Atlantic sea-coast and high seas
in general;" that the company in 1877 organized under this
alleged charter of incorporation, and carried on business as such
in Charleston up to the commencement of this suit.   The plain-
tiff then rested.

When the plaintiff closed their testimony, the defendant moved
for a nonsuit on the grounds: 1. That the act of 1874 was un-
constitutional.   2. That there was no proof that the plaintiff
had complied with the conditions prescribed in the said act pre-
cedent to their right to obtain a charter.   And 3. That there
was no authority in the act for the incorporation of a navigation
company.   The Circuit judge held that at common law it was
necessary for the plaintiff to prove themselves duly incorporated
by competent authority; that "in some of the states, notably in
New York, to relieve corporations from the expense and incon-
venience of preparing in every case of an action by a corpora-
tion, when the general issue was pleaded, to prove its charter,
the common law rule was modified, and the defendant was re-
quired, if he really desired to litigate that question, to plead in
abatement or bar that the plaintiffs were not a corporation.   No
such legislation has been adopted in this state, and the common

law rule was accordingly recognized and applied in the case of *The Chicora Company* v. *Crews,* 6 *S. C.,* 243." And, thus taking the view that the general denial in the answer put in issue the existence of the corporation of the plaintiffs, he held that there was no corporation, and granted the nonsuit on the third ground taken, that the clerk of the court, in granting the charter "to carry on the business of transporting passengers and freight along the Atlantic sea-coast and high seas," had acted beyond the scope of his authority under the act aforesaid, and the charter was void.

From this order the plaintiff appeals to this court, upon the following grounds: 1. Because his honor erred in granting a nonsuit, there being evidence to sustain every material allegation in the plaintiff's complaint, and the plaintiff was entitled to the verdict of a jury on the evidence. 2. Because the defendant having contracted with the plaintiff as a corporation, or as doing business under a corporate name, cannot in this action question its corporate existence, and his honor erred in not so deciding. 3. Because one who contracts with a corporation, or acting corporation, or copartnership, doing business under a corporate name, cannot defend himself against a claim on such contract, in a suit by the corporation, by denying its corporate existence; and it was error not to so rule. 4. Because a corporation, either *de jure* or *de facto,* can only be attacked and its charter taken away in a suit by the attorney general of the state, and his honor erred in not so ruling.

From the view which the court takes of this case, it will not be necessary or even proper to consider now the questions, whether the charter granted by the clerk to the plaintiffs is utterly without authority and void; or whether the defendant, having contracted with the plaintiffs assuming to act as a corporation and in their corporate name, is estopped from now denying that they are in fact such a corporation. It seems to us that the pleadings as disclosed in the "case" did not put in issue the existence or legality of the plaintiffs' corporation; that the defendant, having put in only a general denial, thereby waived the right to assail the charter of incorporation, and it was unneces-

sary for the plaintiffs to have put it in evidence, and it may be regarded as not in the case.

We think legislation has been adopted in this state, as in New York, requiring a defendant, when sued by a corporation, and desiring to question its right so to sue, to give the plaintiff notice of such intention in advance, either by demurrer, plea in abatement, or special answer.   Where the objection is that the plaintiff has not legal capacity to sue, our code, as well as that of New York, requires such objection to be made in a particular manner.   If the alleged want of legal capacity to sue appears upon the face of the complaint, the proper course is for the defendant to demur under subdivision 2 of section 165 of the code. If it does not appear upon the face of the complaint, then it is incumbent on him to take the objection by answer; and if such special objection is not taken, either by demurrer or answer, the defendant shall be deemed to have waived the same.   *Code,* §§ 168, 169.

In this case the objection to the plaintiff's capacity to sue was not made by *demurrer,* for the very good reason that it did not appear upon the face of the complaint, as that only stated that "the plaintiff is and was, at the date of the agreement hereinafter mentioned, a body corporate under the laws of the state of South Carolina."   Then did the defendant, as required, make the objection by answer?

The only answer made to this part of the complaint was "that he has no knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first paragraph of the complaint."   This was only one of the modes of making a general denial under section 170 of the code, which declares that "the answer of the defendant must contain a general or special denial of each material allegation of the complaint contested by the defendant, or of any knowledge or information sufficient to form a belief," &c.   Did this general denial put in issue, in the manner required, not only the general merits of the case, but also the legal capacity of the plaintiff to sue as a body corporate?   As we understand it, the authorities both of New York and of this state hold that it did not.

It may be true that a general denial under the code, like the

general issue under the old practice, as a rule throws upon the plaintiff the onus of proving all the material allegations of his complaint; but it seems that for special reasons the code makes an exception as to those matters which are set down in section 165 as causes of demurrer, and of them the second is "that the plaintiff has not legal capacity to sue." As to the matters so set down in the section indicated, the objection must be specially taken either by demurrer or answer; and if not so taken, "the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." Under a general denial, the defendant cannot insist that plaintiff has not legal capacity to sue, when that fact does not appear upon the face of the complaint. *Wait Anno. Code,* 248, *note,* citing *Dillaye* v. *Parks,* 31 *Barb.,* 132; *California Steam Navigation Co.* v. *Wright,* 8 *Cal.,* 585. Or that there is a defect of parties plaintiff. *Abbe* v. *Clark,* 31 *Barb.,* 238; *Commercial Insurance and Banking Co.* v. *Turner,* 8 *S. C.,* 110.

The case of *Turner,* last cited, is one of our own, and is binding authority. There the plaintiff alleged that it was a corporation, and the answer was a general denial. It was held that when the plaintiff alleges in its complaint that it is a banking corporation of another state, and the answer merely denies each and every allegation, setting forth no objection to the action on the general ground "that the plaintiff has not legal capacity to sue, or that there is a defect of parties plaintiff" as required by section 167 [now 165], the plaintiff will not be required at the trial to prove [its capacity to sue. The fact that the plaintiff in that case was a foreign corporation did not touch the point. In the judgment of the court, Judge Willard stated our view of the law as follows: "Sections 170 and 171 of the code [now 168 and 169] require that certain matters of defence shall be set forth by demurrer or by answer, in order to be available to the defendant by way of defence. The matters thus referred to are embraced in section 167 [165], and are as follows: 'That the plaintiff has not legal capacity to sue; or that there is a defect of parties plaintiff or defendant; or that several causes of action

have been improperly united.' If no such objection be taken, section 171 [169] declares that the defendant shall be deemed to have waived the same. * * * The clear intention of these sections is that the defendant shall give, by his demurrer or answer, specific notice that he intends to rely on one or more of these specific defences, if he wishes to make them available. A general denial of all the facts alleged in the complaint is not a compliance with these requirements of the code. The object of these provisions is to relieve the plaintiff from the necessity of preparing to meet such objections on the trial, unless notified by the pleadings that the defendant intends to rely on one or more of them," &c.

It has been said that there is no rule of pleading more universal than that, by pleading to the merits, the defendant admits the capacity of the plaintiff to sue; and no reason can be shown why a corporation should be placed on a different footing in this particular from a natural person. *Ang. & Ames Corp.*, § 633; *Prince* v. *Commercial Bank of Columbus*, 1 *Ala.*, 241.

We do not regard the case of *The Chicora Co.* v. *Crews*, 6 *S. C.*, 243, cited and relied upon in the court below, as in conflict with this view. In that case the main defence was that the company had been chartered by the state legislature during the civil war, then recently ended, for the purpose of running the blockade and importing arms, and was therefore void as against public policy. It does not appear that the defendant was allowed to make the defence under a simple general denial. From reading the report of the case, it would seem that the unconstitutionality of the charter, which was the main defence, was specially made either by demurrer or answer. The referee, M. P. O'Connor, Esq., states that "the gravamen of the defence set up grows out of the alleged fact that plaintiffs, having been organized covertly to run the blockade, they have no status in court. * * I do not deem it necessary for the purposes of the case to consider any but the one issue of law which is raised, and upon the determination of which the case must stand or fall." It no where appears in the report of the case that there was only "a general denial," or that the question was made at all. If such was the fact, the case was decided wrong, and must be regarded on that point as

overruled by the subsequent case of the *Banking Company* v. *Turner*, above quoted.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded for a new trial.