### CONDIT v. SILL.

*(Common Pleas of New York City and County, General Term.* February 1, 1892.)

1. FACTORS AND BROKERS—ACTION FOR COMMISSIONS—DOUBLE EMPLOYMENT.
    In an action by a real-estate broker to recover commissions on an exchange of property effected by him, it appearing that plaintiff was in the employ of both parties to the exchange, the court erred in excluding the testimony of defendant tending to show that he was ignorant of the double employment of plaintiff, of which plaintiff testified that defendant was informed.

2. SAME—EVIDENCE.
    The nature of the transaction being such as to cast suspicion on plaintiff, and he being the only witness on his behalf, the court erred in directing a verdict for him, but should have submitted the case to the jury.

Appeal from city court, general term.

Action by Frederick A. Condit against Charles Sill. From a judgment of the general term of the city court affirming a judgment of the trial term, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Butler, Stillman & Hubbard,* (*Henry H. Whitman* and *Adrian H. Joline,* of counsel,) for appellant. *Cannon & Atwater,* (*Henry G. Atwater,* of counsel,) for respondent.

BOOKSTAVER, J. This action was brought to recover the sum of $1,000, and interest, as commissions alleged to have been earned by the plaintiff, and agreed to be paid by defendant, for effecting an exchange of real estate belonging to the latter. Much of appellant's evidence was excluded upon the trial, and it is apparent to us that the judgment recovered was for services which resulted in no benefit whatever to the appellant. In the view we take of this case, it is unnecessary for us now to determine whether or not the agreement sued on was fulfilled by the mere procuring of a contract for the exchange of property, or whether that agreement, being a departure from the usual language of such agreements, did not call for the full execution of the contract, culminating in an exchange of deeds, considering the fact that the alleged owner of the property in New York, to be exchanged for the appellant's property, had obtained title merely for the purpose of carrying out the exchange, and was not a man of sufficient means to respond in damages in case of his inability to do so, and considering the suspicious way in which the contract of exchange was brought about. It appears from the testimony that the plaintiff himself, who was the only witness on his behalf, testified that Benson and McGillivray both employed him to sell the Sixty-Ninth street houses; they were on his books; he induced McGillivray to buy them of Benson, and got the latter to trade with Sill. Defendant's counsel contends that, inasmuch as this was brought out on the cross-examination of the plaintiff, it cannot avail him on this appeal to establish the fact that the respondent was agent for both parties. But it appears that thereafter the plaintiff volunteered the following testimony: "Hugh McGillivray, the man who entered into the contract with Dr. Sill, (appellant,) was the same person who was a joint owner of the property in Sixty-Second street. I was never employed by Mr. McGillivray any more than any other customer who sends me property to sell. I never had sold any property for him. I have got millions of dollars of property on my books from owners that I never saw, and do not know any—

thing about. I write to them, and I get anybody who wants to buy their property or trade for it. Up to the time this double deal or three-cornered deal took place, I never did any business for McGillivray." This, as well as other evidence in the case, conclusively shows that the respondent was acting as agent for McGillivray, as well as for Dr. Sill. It is well settled that where a broker, employed to find a purchaser of land, fails to disclose the fact that he was already in the employ of the person who subsequently purchased it, he is precluded from a recovery of commissions. *Platt* v. *Baldwin*, 2 City Ct. R. 281; *Watkins* v. *Cousall*, 1 E. D. Smith, 65; *Vanderpoel* v. *Kearns*, 2 E. D. Smith, 170; *Dunlop* v. *Richards*, 2 E. D. Smith, 181; *Rowe* v. *Stevens*, 53 N. Y. 621; *Connell* v. *Smith*, (N. Y. Law J. Sept. 14, 1891.) But the court below, in its opinion, says "the defendant was not entitled to a reversal of the judgment, because he didn't plead that plaintiff was in the employ of the other party." *Duryee* v. *Lester*, 75 N. Y. 442, is cited in support of this proposition; but that case is not an authority for such a proposition. There the court merely held that the point should have been raised at the trial, and it was too late to raise the question for the first time on appeal. *Martin* v. *Bliss*, (Sup.) 10 N. Y. Supp. 886. There can be no doubt that in the case now under consideration this question was sufficiently raised at the trial; and the fact appeared by the plaintiff's own testimony, not brought out on cross-examination, but volunteered, to which there had been no exception interposed. Inasmuch as the plaintiff had given this testimony, and had further testified that the appellant "knew the whole ins and outs of the case from beginning to end," we think it was error to exclude the testimony of Dr. Sill, tending to show that he was in ignorance of the double employment of the respondent, and he had never been informed of it by him. It has frequently been held that a broker cannot recover in case of a double employment unless it appears that both parties were fully informed he was acting for both, and assented to it. This the plaintiff was allowed to show, and the defendant was not allowed to controvert. The error we think is apparent from what occurred on the trial when the justice, in denying a motion to dismiss the complaint, said: "The motion is denied, on the ground that the matter is not pleaded, and that there is no evidence to show that if such was the case it was not known to all parties."

The plaintiff being the only witness on his behalf, we think the court erred in directing a verdict in his favor, in view of the suspicious facts and circumstances which were proved in the case. It has been held that, under such circumstances, the case should be submitted to the jury for their determination. *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Wohlfahrt* v. *Beckert*, 92 N. Y. 490; and *Kahn* v. *Lesser*, *infra*, (announced at this general term,) where *Kelly* v. *Burroughs*, 102 N. Y. 93, 6 N. E. Rep. 109, is commented on and distinguished. We therefore think the judgment in this case should be reversed, and a new trial ordered, with costs to the appellant to abide the event.