WILBUR v. COLLIN et al.

(Supreme Court, Appellate Division, Third Department. April 14. 1896.)

1. LEASE—COMMENCEMENT BEFORE EXPIRATION OF OUTSTANDING LEASE.
    A valid lease may be made to commence before the expiration of an outstanding lease, where the later lessee had taken an assignment from the prior lessee of the outstanding lease.

2. PLEADING—PROOF UNDER GENERAL DENIAL.
    In an action for rent defendant cannot show, under a general denial, that before the expiration of the lease plaintiff had conveyed the premises without reserving the rent, or that plaintiff's wife, as joint owner of the premises, was not made a party to the action.

Herrick, J., dissenting.

Appeal from circuit court.

Action by Job M. Wilbur against James R. Collin and William E. Congdon. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

James C. Rogers, for appellants.
J. M. Whitman, for respondent.

PARKER, P. J. The plaintiff in this action sues for a balance which he claims to be due from defendants for rent upon a verbal

lease of a building in the village of Sandy Hill for the term of one year, expiring December 4, 1894. There is a sharp conflict of evidence between the parties as to whether any bargain was completed for the leasing of the building; the defendants claiming that it was left open to be reduced to writing, and that subsequently the plaintiff insisted upon terms which were never talked between them, and to which they could not agree, and the plaintiff claiming that on or about December 1, 1893, there was a complete verbal bargain between them, whereby the defendants agreed to rent the premises for $300 per year, and upon certain other specified terms fully stated and settled between them. The defendants occupied the building from the 4th of December, 1893, until April 1, 1894, and paid to plaintiff rent at the rate of $300 up to that date. They then surrendered to him the possession of the premises, and refused to pay anything more. The defendants explain their possession and the payment of rent as follows: They claim that at the time they applied to plaintiff for a lease they had just purchased a stock of groceries that was in it from one Fancher, who was then occupying the building, and had also taken from him by parol agreement an assignment of his lease, which would expire on April 1, 1894; that they applied to plaintiff for the purpose of getting a new lease for a longer period; that when they found they could not agree with plaintiff upon the terms of a lease they continued in possession under the Fancher lease, until April 1st, and then surrendered the premises. The rent due from Fancher was at the rate of $200 per year, and defendants claim their payment to plaintiff of $25 per month up to April 1st, instead of to Fancher, at the rate of $16.66 per month, was made for the purpose of avoiding any trouble with plaintiff. The court left to the jury the question whether the bargain between the plaintiff and the defendants was fully made and completed as he claimed it was; that is, whether the defendants did agree, upon terms fully stated and understood by them, to lease from the plaintiff for the term of one year the premises at the agreed sum of $300; and the court also properly instructed the jury as to the rule requiring the minds of the parties to meet, and to thoroughly understand each other, in order to make a bargain complete. Under this charge the jury found a verdict for the plaintiff for the full year's rent, less what had concededly been paid. A careful examination leads us to the conclusion that we should not disturb the verdict of the jury on the ground that it is not sustained by the evidence in the case. Of course, if the minds of the parties did not meet as to all the essential particulars of the contract, there was no leasing. Of course, if a written contract was subsequently to be drawn up, and it was left until then to agree upon some of its terms and conditions, there was no leasing. But, if the terms were all agreed upon, and nothing more was to be done except to reduce them to writing, the contract was complete, even though the writing was never drawn. Sanders v. Fruit Co., 144 N. Y. 209, 39 N. E. 75. The difficulty with the appellants' argument is that the plaintiff's evidence is clear that

the minds of the parties did so meet, and there is much evidence in the case to sustain that claim. Evidently some sort of a contract was made, which the parties proposed to have reduced to writing, and the question is whether the one defendants had drawn or the one plaintiff had drawn correctly expressed the bargain made. It was peculiarly a question for the jury, who saw all the witnesses, whose attention was called to the precise point to be decided by them, and who were therefore as well prepared as we are to determine from the conflicting evidence before them which party was giving a true version of the transaction. Newman v. Wilson, 78 Hun, 295, 28 N. Y. Supp. 914; Thompson v. Vrooman (Sup.) 21 N. Y. Supp. 180; Fowler v. Van Natta, 71 Hun, 343, 25 N. Y. Supp. 1; Devlin v. Greenwich Sav. Bank, 125 N. Y. 756, 26 N. E. 744.

Nor do we think that, if there was an outstanding right in Fancher to occupy the premises until April 1st, it was any legal objection to the making of such a contract between those parties as the plaintiff claims was made. According to the defendants' statement, when they applied to plaintiff for a lease for the term of one year or more, they had already bought out Fancher's interest, and, inasmuch as they then represented him, they could surrender or waive any rights which his lease gave, and were in a situation to make such a new lease, to commence at that date, as they chose to make. If they did in fact then make a new lease, to commence then, it would seem clear that they surrendered any rights they acquired under Fancher's lease, and held their possession thenceforth under the new leasing. Coe v. Hobby, 72 N. Y. 141–146. If this view is correct, none of the exceptions to the charge or to the rulings concerning the Fancher lease are ground for a new trial. Concede that such a lease existed, and that it was assigned to defendants, as they and Fancher claim, and yet it furnishes no defense, if the new agreement was made upon which this action is based. The whole case seems to turn upon the question of fact whether a new lease was taken by defendants as plaintiff claims, and we cannot disturb the finding of the jury upon that question.

The offer by defendants to show that in October prior to the termination of the lease the plaintiff had conveyed away the premises without reserving the rent for same was properly excluded. The answer is a mere general denial, and under it such a defense as the offer contemplated could not be shown. McKyring v. Bull, 16 N. Y. 297–307; Linton v. Fire Works Co., 124 N. Y. 533–536, 27 N. E. 406.

For the same reason the defense that the wife of the plaintiff was a joint owner of the premises was not before the court, and not available to the defendants in this action. Abbe v. Clark, 31 Barb. 238; Conklin v. Barton, 43 Barb. 435. We discover in the record no error for which this judgment should be reversed.

Judgment and order appealed from affirmed, with costs.

LANDON, MERWIN, and PUTNAM, JJ., concur. HERRICK, J., dissents.