(21 Misc. Rep. 79.)

## WILLIAM WICKE CO. v. KALDENBERG MANUF'G CO.

(Supreme Court, Appellate Term.  July 29, 1897.)

1. LEASE—WHAT CONSTITUTES.
   After the terms of a lease were agreed upon, plaintiff reduced it to writing, and signed it, and delivered it to defendant's agent, who never returned it, but afterwards stated "that it was hardly worth while to sign a lease for so short a time." *Held*, that defendant was bound by the lease, particularly as it took possession, as part performance thereof on its part.

2. CORPORATION—CONTRACT OF MANAGER.
   A corporation is bound by an oral contract of hiring a factory loft entered into by its manager having general control of its business, and apparent authority to bind it, particularly where the hiring is for its benefit.

3. SAME.
   A corporation is liable for a specific sum agreed upon by its agent as rental, where there is no evidence that it is unreasonable.

4. SAME—AUTHORITY OF AGENT.
   The law implies that a person acts by the authority of a corporation where he makes a contract of which the corporation avails itself.

5. SAME—RATIFICATION.
   Taking possession of a factory loft hired by a person for a corporation amounts to a ratification of such person's act, which is equivalent to original authority on his part.

Appeal from Sixth district court.

Action by the William Wicke Company against the Kaldenberg Manufacturing Company.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Geo. Wilcox, for appellant.

Weed, Story & Stratton (E. G. Story, of counsel), for respondent.

McADAM, J.   The action was to recover the rent of a loft in the factory building of the plaintiff, Nos. 402, 404, and 406 East Thirty-Second street, this city, for the months of January, February, and March, 1897.   It appears that on December 25, 1896, a fire occurred in the premises Nos. 209 and 211 East Thirty-Third street, which had up to that time been occupied by the defendant, and, in consequence, certain machinery and other property of the defendant were carried to the street, where they remained exposed to the elements.   In the latter part of December, 1896, a young man called upon Mr. Wicke, the president of the plaintiff, and stated that he was sent by Mr. Kaldenberg, of the Kaldenberg Manufacturing Company, to ascertain if the latter company could rent a loft in the plaintiff's building for the purpose of storing some machinery.   Mr. Wicke asked some questions as to its weight, which the young man was unable to answer, and he requested Mr. Wicke to call upon Mr. Kaldenberg at the company's office in East Thirty-Fourth street.   Later upon the same day, Mr. Wicke called as requested, saw Mr. Kaldenberg, and had a conversation with him.   Kaldenberg said there had been a fire recently in the factory in Thirty-Third street, and some machinery and other articles were lying exposed, and they wanted to put them under cover.   The size of the loft and all conditions of the renting were talked over.   The term was to be from January 1, 1897, to April 15, 1897, and the rent

$200, payable monthly, in advance. The conversation ended by Kaldenberg saying: "That is cheap, and we will take it." Wicke said he would have a lease written out and sent around. A few days later, one Utz, by the direction of Wicke, wrote out the lease in duplicate; and it was executed by the plaintiff, and then taken to the defendant's office, where it was handed to Kaldenberg. The lease was by the William Wicke Company to the Kaldenberg Manufacturing Company, and expressed the terms as previously agreed upon by Wicke and Kaldenberg. Neither the lease nor the duplicate was ever returned to plaintiff, Kaldenberg saying some time after, when asked concerning them, "that it was hardly worth while to sign leases for so short a time."

All the terms having been definitely agreed upon, the formal execution of the lease was not necessary to the consummation of the contract, particularly as the defendant took possession, as part performance thereof on its part. Wilbur v. Collin, 4 App. Div. 417, 38 N. Y. Supp. 848; Sanders v. Fruit Co., 144 N. Y. 209, 39 N. E. 75. Such possession was taken January 3, 1897, and the loft was occupied with machinery, models, and other articles removed from the burned factory which had been occupied by the defendant. There was no plea of surrender, and no proof of abandonment; so that the actual possession entered upon by the defendant January 3, 1897, presumably continued in like manner during the period for which rent is claimed herein. If Kaldenberg had hired the premises on his own account, it would be difficult to imagine what defense he could have had to the rent. The defense apparently is that Kaldenberg had no power to bind the defendant by the contract made. He was the manager of the defendant, having the general control of its business, and apparent authority to bind it, particularly as the hiring was for its benefit. Lee v. Mining Co., 56 How. Prac. 373, affirmed 75 N. Y. 601. The agreement made was not one required to be in writing, or which the corporation, in the conduct of its business, had no power to make.

It is objected that the action is not to charge the defendant with the reasonable value of the use, but for a specific sum agreed upon as rental. This is the customary manner in which such hirings are made, whether by individuals or corporations. The agreed rental is presumably the reasonable value of the use, and there was no evidence offered to prove the contrary. Kaldenberg had been the manager of the defendant for two years prior to the fire, and while he claimed that, for some unexplained reason, his power as such ceased with the fire, there is no evidence showing that he had been removed from or had abandoned the position, or that any one had been appointed to succeed him. At all events, the corporation availed itself of the contract he made on its behalf, and, after having enjoyed the benefit, the law will imply that Kaldenberg acted by its authority. Story, Ag. § 54; Dunlap's Paley, Ag. 171. Taking possession under the contract Kaldenberg made for it amounted to a ratification of his act, which is equivalent to original authority on his part. Bank v. Warren, 15 N. Y. 577.

If the hiring had been for a term exceeding one year, for which, under the statute, a contract in writing would be required, and the

corporation had not taken possession of the premises, or, having taken possession, a claim for rent was made after it had abandoned control thereof, a different question—i. e., as to the form of obligation necessary to charge the corporation—would be presented. But, as the hiring was but for a few months, it is difficult to assign any legal reason why the contract made by one assuming to act as defendant's agent, subsequently ratified and approved by the principal taking its fruits, should not bind it, as it would a natural person under like conditions. There was no substantial defense to the action, and the exceptions taken are without merit.

The judgment must be affirmed, with costs.    All concur.