ground was untenable. The plaintiff having been nonsuited, we are required, on review, to accord to him the most favorable inference deducible from the evidence. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. The facts most favorable to the plaintiff must be regarded as established. So far as disclosed by his affirmative case, he was entitled to the commission when the oral understanding was had, and before it was transcribed. Thereafter no new condition imposed, or act done, by Schachne, could defeat the right. It was only in the event of refusal on the part of Wolff to enter into a binding contract that his claim would fall. The evidence, however, is quite to the contrary. The attorney was to approve the form of the contract, not the advisability of the transaction. As to that the minds of the parties had met. The plaintiff had performed the service for which he was employed, and, after his work had been done, the defendants could not relieve themselves of the obligation to pay his earned compensation by exacting further concessions. Sibbald v. Iron Co., 83 N. Y. 378, at page 384; Levy v. Ruff, 4 Misc. Rep. 180, 23 N. Y. Supp. 1002.

Another ground urged for the dismissal of the complaint was undisclosed employment of the plaintiff on the part of Wolff. If this fact had been established by undisputed evidence, the contention would be meritorious. Lansing v. Bliss, 86 Hun, 205, 33 N. Y. Supp. 310. The plaintiff, however, positively denied that he was the agent of Wolff for this transaction, and, while a contrary inference might be drawn from other portions of the testimony, this, at most, raised a question of fact for the jury, and not one of law for the court. The motion to dismiss was improperly granted, and the judgment must be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### MARCUS v. COLLINS BLDG. & CONST. CO.

(Supreme Court, Appellate Term. April 21, 1899.)

LEASE—VALIDITY.

The validity of a writing containing an agreement for a lease, with all the terms necessary to a valid lease between the parties executing it, is not impaired by failure to transcribe it into a more formal document.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Joseph S. Marcus against the Collins Building & Construction Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

J. L. Weinberg, for appellant.

J. H. K. Blauvelt, for respondent.

LEVENTRITT, J. The only question involved in this appeal is whether a certain paper is a lease, or a mere agreement for a lease.

As the paper contains all the terms and conditions necessary to a valid, binding contract between the parties, the unfulfilled transcription of the same terms and conditions into a more formal document does not impair the validity of the original contract. Therefore what was paid under it was rent. The facts that the amount was exactly one month's installment, and that the plaintiff accepted a receipt as for rent, weigh heavily against his attempt to regain the money on the ground that it was a deposit. The recovery of the money paid was therefore properly denied him. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.