### SOVEREIGN BANK OF CANADA v. STANLEY.

(Circuit Court, S. D. New York. February 21, 1910.)

1. PLEADING (§ 192*)—DEFENSES—ARGUMENTATIVE DENIALS.

In an action for the value of certain ostrich feathers alleged to have been received by defendant's testator in a fiduciary capacity, defendant alleged for her first defense that her testator was a member of a firm which received the feathers under agreement that plaintiff would make advances on them; second, that the firm should sell the feathers, deposit the pro-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceeds to its account in the bank, and pay out the advances to plaintiff; and, third, that the feathers were not received by the firm or testator in a fiduciary capacity. The fourth defense alleged the same transaction, but that the advances were a firm obligation, and that plaintiff had not exhausted its remedies against the surviving members. The fifth defense repeated the agreement, and alleged that defendant's testator died insolvent, and that plaintiff's claim was subordinate to the claims of the individual creditors. *Held*, that such defenses were demurrable, as argumentative denials.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 416; Dec. Dig. § 192.*]

2. PLEADING (§ 392*)—VARIANCE.

Where plaintiff sought to recover the value of certain ostrich feathers, alleged to have been deposited with defendant's testator in a fiduciary capacity, proof that the transaction was with a firm of which testator was a member would constitute a fatal variance.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1315, 1316; Dec. Dig. § 392.*]

3. PLEADING (§ 11*)—DEFENSES—IRRELEVANT SURPLUSAGE.

Where plaintiff sought to recover the value of certain goods alleged to have been deposited with defendant's testator in a fiduciary capacity, allegations in separate defenses that the transaction was with a firm of which testator was a member, that plaintiff had not exhausted its remedies against the firm, and the insolvency of the estate constituted a pleading of evidence, and were irrelevant surplusage.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 31; Dec. Dig. § 11.*]

4. PLEADING (§ 114*)—TRAVERSE.

In general, all evidence is admissible under a traverse which contradicts the truth of the allegations denied, and should not be pleaded.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 238; Dec. Dig. § 114.*]

Action by the Sovereign Bank of Canada against Martha F. M. Stanley, as executrix, etc. On demurrer to certain alleged defenses. Sustained.

The complaint is to recover for the value of certain ostrich feathers, which the defendant's testator received as the plaintiff's property and in a fiduciary capacity. Having received it, he sold it, and in exchange received as the property of, and in a fiduciary capacity for, the plaintiff, certain negotiable instruments, which he then transferred to certain banks to which he was indebted, and so converted them to his own use. The answer contains denials and six defenses. Of these, the plaintiff demurs to the first, fourth, and fifth.

The first defense alleges, first, that the defendant's testator ·was the member of a firm which received the ostrich feathers under agreement that the plaintiff would make advances upon them; second, that the firm should sell the feathers, deposit the proceeds in its accounts in banks, and pay out the advances to the plaintiff from these accounts; third, that the feathers were not received by the firm, or the defendant's testator, in a fiduciary capacity. The fourth defense alleges the same transaction as is stated in the first, but also that the advances were a firm obligation, and that plaintiff has not exhausted its remedies against the surviving members. The fifth defense repeats the agreement, and alleges that the defendant's testator died insolvent, and that the plaintiff's claim is subordinate to the claims of individual creditors.

Rounds, Hatch, Dillingham & Debevoise, for plaintiff.
Kellogg & Rose, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HAND), District Judge (after stating the facts as above). The demurrer is well taken, for all the defenses are argumentative denials. The plaintiff, to succeed, must prove an individual transaction between itself and the defendant's testator. If it proves to be a firm transaction, it will be a fatal variance, without amendment. The only thing necessary for the defendant to show will be that the transactions upon which it relies were not with the defendant's testator, but with a firm f which he was a member. That shown, his complaint will have been answered. To plead that the agreement was with the firm is to plead evidence which will meet the allegation that it was with him. This being true, all the allegations as to the character of the transactions, with the firm, the failure of the plaintiff to exhaust its remedies against the firm, and the insolvency of the estate of the defendant's testator, are irrelevant surplusage. The two last would perhaps be valid defenses, if the defendant's testator was sued for what the complaint alleged to have been a firm debt, but not when it relies upon an individual transaction.

The defendant's citations are not apposite. In Linton v. Unexcelled Fireworks Co., 124 N. Y. 533, 27 N. E. 406, the defense was that the plaintiff had given ground for discharge. That evidence did not meet the issue of the existence of the employment or its termination. It should therefore have been pleaded. In Duryee v. Lester, 75 N. Y. 442, the matter of defense did not tend to disprove the fact of the employment or the rendition of the services, which was all the complaint alleged. Wilbur v. Collins, 4 App. Div. 417, 38 N. Y. Supp. 848, seems to be the contrary, and I must concede that the reasoning of the case is not apparent to me. McKyring v. Bull, 16 N. Y. 297, 69 Am. Dec. 696. decides that payment must be pleaded, which was the law in indebitatus assumpsit, even before the Hilary Rules, as I recall.

In general terms it may be laid down that all evidence is admissible under a traverse which contradicts the truth of the allegations denied, and it must not be pleaded. The defendant does not raise any question of the validity of the complaint, and therefore the demurrers must be sustained.

The plaintiff may take judgment sustaining the demurrers, with a respondeat ouster within 10 days after entry.