### REES v. GAIR.

(Supreme Court, Appellate Division, Second Department. April 28, 1911.)

1. BROKERS (§ 8*)—ACTION FOR COMMISSION—SUFFICIENCY OF EVIDENCE—EMPLOYMENT.

Evidence in an action to recover a broker's commission for the exchange of realty *held* to show prima facie plaintiff's employment.

[Ed. Note.—For other cases, see Brokers, Dec. Dig. § 8.*]

2. APPEAL AND ERROR (§ 173*)—PRESENTATION BELOW—DEFENSES.

Defendant, in a broker's action to recover commissions for exchange of realty, cannot first raise on appeal the defense that plaintiff's demand involved a double commission.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1120; Dec. Dig. § 173.*]

3. EVIDENCE (§ 205*)—ADMISSION OF EVIDENCE.

A witness could be asked, in a broker's action for commissions, as to whether he heard a conversation over the telephone, and whether defendant said therein anything about her business with plaintiff; the question being as to witness' personal knowledge.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 205.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by George L. Rees against Marie Gair. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and WOODWARD, JJ.

J. Hampden Dougherty, for appellant.

Robert Wylie May, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. This appeal is from a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's evidence, in an action brought to recover broker's commissions on the exchange of real property. The dismissal was upon the ground that plaintiff had failed to prove a cause of action, in that he had not proven his employment by the defendant.

[1] There is sufficient evidence of employment to require proof on the part of the defendant. The plaintiff testified: That the defendant asked him what his commission on exchange of properties would be. He told her 2 per cent. She not only expressed no dissent, but said she had generally had to pay 2½ per cent. She asked plaintiff several times to keep Mr. Robbins interested in her house, which he did. She told Robbins, in plaintiff's presence, during the negotiations, that she had to give plaintiff $300 commissions, and after the transfer was effected she offered to pay him $125 for his services. It was not until after the contract had been signed, and the rights of the parties fixed, that defendant expressed any intention of not paying commissions to plaintiff. While it appears that Robbins, the other party to the exchange, had offered to give the plaintiff $150 commissions, it does not appear that he accepted or received it. Plaintiff testified that he told defendant of this offer. [2] There is no defense of a double commission. Such question was not raised on the trial. Defendant cannot be permitted to raise the question for the first time on appeal. Duryee v. Lester, 75 N. Y. 442; Abel v. Disbrow, 15 App. Div. 536, 44 N. Y. Supp. 573.

[3] I think the exception to the rulings of the court sustaining respondent's objections to questions as to whether the witness heard certain conversations over the telephone, whether such a conversation took place, and whether in such conversation the defendant said anything about her business with plaintiff, presents reversible error. The witness was asked as to her personal knowledge and what she heard, which was clearly competent. The weight to be given her testimony in this respect is another question.

The judgment of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event.

THOMAS, CARR, and WOODWARD, JJ., concur. JENKS, J., concurs, on first ground stated in opinion.