SNOWBER et al. v. LOEB.

(Supreme Court, Appellate Term. May 31, 1912.)

1. LANDLORD AND TENANT (§ 22*)—LEASE AGREEMENT—PROVISION FOR LEASE.

The agreement, signed by the parties, reciting that it is understood that defendant leases of plaintiffs certain premises, for a certain period, at a certain rent, payable monthly in advance, and reciting receipt of the first month's rent, contains all the terms necessary for, and is, a valid agreement, not impaired by the fact that, while it recites it is subject to the terms of "a lease to be drawn up and signed by both parties" on a certain day, before the commencement of the term, no lease is so signed; and unaffected by terms of a lease which plaintiffs draw up and present, but defendant refuses to sign because of objection to its terms, though he enters into possession, retaining the unsigned lease.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 55–59; Dec. Dig. § 22.*]

2. LANDLORD AND TENANT (§ 109*)—SURRENDER—ACCEPTANCE.

The acts are inconsistent with an estate outstanding in the tenant, and amount to an acceptance by the landlords of the tenant's surrender, where he delivers the keys to them, and they refuse to make any arrangement with the subtenant till the tenant has entirely quit the premises, after which they deliver the keys to, and collect rent from, the subtenant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 350–360, 363–365, 368–371; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by M. Francis Snowber and another against Moe Loeb. From a judgment for plaintiffs after a trial without a jury, defendant appeals. Reversed and dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Arthur Gutman, of New York City, for appellant.

James I. Moore, of New York City, for respondents.

PAGE, J. The action was to recover rent for the months of June, July, August, and September for premises consisting of one-half of a store, at a monthly rental of $80. The facts are as follows: On February 25, 1911, the parties signed the following writing:

"This agreement between Snowber & Smith and Moe Loeb of city of New York in which it is understood that the said Moe Loeb does lease the north half of the store 2190 Broadway from the 1st day of March, 1911, to the 1st day of October, 1911, at the annual rent of nine hundred and sixty dollars ($960) payable in equal monthly advance payments on the first day of each and every month of the lease. The terms of the lease are that Snowber & Smith have the privilege of placing and maintaining their sign 'to let' on said store in the month of July and until October 1st. The tenant is to restore the said store in as good condition should he vacate as in its present condition. This is a deposit receipt and is subject to the terms of the lease to be drawn up and signed by both parties on Monday February 27, 1911, at the office of Snowber & Smith. The receipt of eighty ($80) dollars (in check) in payment of March rent is hereby acknowledged. The store is to be occupied for the business of butcher and fruit and vegetables."

A formal lease was drawn up (Ex. 2), and contained among many other covenants the following:

"That if the said premises or any part thereof shall become vacant during the said term, the landlords or their representatives may re-enter the same either by force or otherwise, without being liable to prosecution therefor, and re-let the said premises as the agent of the said tenant and receive the rent therefor, applying the same, first to the payment of such expenses as they may be put to in re-renting, and then to the payment of the rent due by these presents, the balance (if any), to be paid over to the tenant, who shall remain liable for any deficiency."

[1] The defendant refused to sign this lease on February 27th, and said that he would show it to his lawyer, and thereafter refused to sign it, objecting to some of the covenants. Plaintiffs refused to make any change in it. Defendant went into possession and continued therein until May 31, 1911, and paid the rent up to that time. He moved out, and his brother left the key with the landlords, and they, on June 1st, gave the key to an Italian fruit and vegetable dealer, who had been in possession as subtenant of the defendant, and received $30 as one month's rent. The Italian moved out at the expiration of one month, and plaintiffs were unable to rent the premises, although they tried to do so. I do not think the judgment can be sustained on plaintiffs' theory, which is, either that the clause above quoted became a part of the agreement of the parties that the "deposit receipt" is subject to the terms of the lease to be drawn up, or that by retaining a copy of the proposed lease and entering into possession the defendant became bound by its covenants.

The original agreement contained all the terms and conditions necessary to a valid, binding contract between the parties. The failure to have the agreement put into a more formal document does not impair the validity of the original contract. Marcus v. Collins Bldg.

& Const. Co., 27 Misc. Rep. 784, 57 N. Y. Supp. 737. This is to be distinguished from the case where the parties intend that a mere oral agreement shall be finally reduced to writing as the evidence of the terms of their contract, then it may be true that nothing is binding upon either party until the writing is executed. Here the contract was already in writing, and it was none the less obligatory because it was intended that it should be put in some other form.

"A stipulation to reduce a valid written contract to some other form cannot be used for the purpose of imposing upon either party additional burdens or obligations, or of evading the performance of those things which the parties have mutually agreed upon by such means as made the promise or assent binding in law." Sanders v. P. B. F. Co., 144 N. Y. 209, 213, 214, 39 N. E. 75, 76 (29 L. R. A. 431, 43 Am. St. Rep. 757).

This case is to be distinguished from the case of People v. St. Nicholas Bank, 3 App. Div. 544, 38 N. Y. Supp. 379; Id., 151 N. Y. 592, 45 N. E. 1129, in which, in the memorandum, the following language was used:

"The parties hereto agree to execute and exchange leases of said rooms prior to the occupancy thereof, such leases to be drawn on, and this agreement being subject to, all the provisions of the blank forms in use in the Mills building, except as modified by the above memorandum."

The court said (3 App. Div. 548, 38 N. Y. Supp. 381):

"Giving effect to these conditions (contained in the blank form) is not arbitrarily importing into the agreement something not contained therein, but is reading into it that which the parties specifically contracted should form a part of it, and so these conditions came into play as subsisting terms of the contract binding upon and enforceable against them both according to their terms."

In the case at bar there was no reference to an existing form setting forth the terms and conditions to which reference could be had, and with respect to which the parties contracted, and the plaintiffs could not bind the defendant to accept any terms and conditions that it might please them to insert. Any term or condition not substantially within the agreement already executed by the parties would be a modification of the existing contract, and would require the assent of both parties to become effective.

Therefore I do not think the covenant above quoted can be held to have become incorporated into the agreement of February 25th, nor can it be claimed that, by entering into possession of the premises with the unsigned lease in his possession, he adopted the terms and conditions thereof. As we have seen, there existed a valid and binding written agreement between the parties under which the defendant could take possession. Therein the case differs from that of William Wicke Co. v. Kaldenberg Mfg. Co., 21 Misc. Rep. 79, 46 N. Y. Supp. 937, in which an oral agreement only had been made and a lease was to be prepared. The defendant entered into possession, not dissenting from the terms and conditions of the lease; Mr. Kaldenberg stating that it was hardly worth while to sign a lease for so short a period. The lease was therefore evidence of their actual agreement.

[2] Furthermore, it appears that the plaintiffs accepted the surrender of the tenant. The keys were delivered to the plaintiffs, and they refused to make any arrangement with the subtenant until the defendant had entirely quit the premises, and on the following Monday delivered the keys to him and collected $30 rent from him. These acts were inconsistent with an estate outstanding in the defendant. Schmidt v. Vahjen, 143 App. Div. 479, 127 N. Y. Supp. 1038; Gray v. Kaufman Dairy & I. C. Co., 162 N. Y. 388, 56 N. E. 903, 49 L. R. A. 580, 76 Am. St. Rep. 327.

The judgment is reversed, with costs to appellant, and the complaint dismissed, with costs. All concur.