## L. H. BAILEY v. BEN W. FLY.

### Decided April 9, 1904.

**1.—Contested Election—Pleading—Amendment.**

In an election contest the rules governing the amendment of pleadings in civil cases apply. Following ruling of Supreme Court on certified question in this case, as reported in 97 Texas, 425.

**2.—Same—Inability to Pay Costs—Affidavit.**

An action to contest an election may be maintained upon an affidavit of inability to pay costs. Following ruling in 97 Texas, 425.

**3.—Same—Ordering New Election.**

Under the statute the court trying a contested election case may order a new election only where the result of the contest as shown by the vote is a tie, and if there be a majority, however scant, the court has no discretion to make such order.

**4.—Same—Influencing Votes—Threats of Eviction by Landlord.**

Threats of a landlord to evict his tenants unless they voted for the candidate he favored do not warrant throwing out the box at that polling place where it is not shown that such threats were addressed to the tenants, nor how they voted, nor that the candidate was privy to such conduct. Evidence held to show that a tenant was not so intimidated or influenced in casting his vote by such threats of eviction as to render the vote illegal.

**5.—Same—Evidence—Post-Election Declarations—Impeaching Witness.**

While declarations by a voter as to his place of residence, made after the election, are not admissable as original evidence, they may be admissible for purposes of impeachment where the voter had testified, as a witness in the case, that he had claimed the county of the election as his home for six months prior to the election.

**6.—Same—Illegal Voter—Identity.**

Where no identity of person was shown proof that the vote of Jesus Nieto was illegal did not warrant the exclusion of the vote of Terus Mieto.

**7.—Same—Ballot—Erasing Name.**

A ballot should not be counted upon which the names of two candidates are printed and neither of the names is erased, although a pencil mark is drawn under one of the names, but not touching it. Rev. Stats., art. 1741.

**8.—Conclusions of Law and Fact—Refusal to File.**

A refusal of the trial court to file conclusions of law and fact is not reversible error where request therefor was not made until the last day of the term, and the court certifies that there was not time to prepare them.

**9.—Evidence—Baptismal Records—Hearsay.**

Where the keeper of a baptismal record, since deceased, had made an entry on the record of the date of the party's birth as well as of his baptism, the date of birth could not be proven by the record since it was a fact not appearing to have been within the knowledge of such keeper, and hence hearsay.

### ON REHEARING.

**10.—Same—Bribery and Intimidation.**

In the absence of a showing of connivance or procurement, on the part of a candidate for office, the box at a voting precinct will not be entirely thrown out upon an allegation that a partisan of such candidate influenced a portion of the voters at that point, by bribery or intimidation, where the proof fails to identify a single voter who was influenced or to establish that any were so influenced.

**11.—Same—Throwing Out Box.**

The rule requiring the elimination of an entire box where practices are resorted to which necessarily or probably influence a large number of voters, and which by reason of its nature and effect is rendered impossible of definite ascertainment, held not applicable to this case.

Appeal from the District Court of Victoria. Tried below before Hon. Jas. C. Wilson.

*Samuel B. Dabney,* for appellant.

*Proctors,* for appellee.

GILL, ASSOCIATE JUSTICE.—This is a contest for the office of county judge of Victoria County and was brought by the appellant, Bailey, under the statute. The court found for the appellee, Fly, upon a majority of one vote, and Bailey has appealed. Appellee moved to strike out the statement of facts and the motions were taken with the case. They have been considered and are overruled.

The action was instituted December 2, 1902. On December 12th, the last day for answer allowed under the statute, Fly answered. On the same day Bailey filed his exceptions that the answer was a sham, as it named no illegal vote or miscounts. For lack of time these exceptions were not passed on at that term and a continuance was had. On December 12th there was a motion to require appellant to file a cost bond, and in response thereto Bailey ultimately filed an affidavit of inability to give security for costs.

Fly filed several amendments but the trial was had upon the amendment filed April 30, 1903. To all the amendments Bailey urged exceptions on the ground that in this character of contest amendments are not allowable except in the elaboration of allegations contained in the first answer and seasonably filed, and that the amendment upon which the cause was tried was violative of the rule as thus stated, was not seasonably filed, and that he was unprepared upon the new issues thus made and a continuance would be destructive of his rights.

The exceptions were overruled and the cause was tried in March, 1903, resulting as stated.

The appellee made the point that an action such as this can not be maintained upon an affidavit of inability to secure the costs.

The appellant presented the question of the right to amend. Both these questions were certified by us to the Supreme Court, and the answers sustained the appellant's contention as to security for costs and the appellee's contention on the question of amendment. On the latter point it was ruled that the right to amend existed in this cause as in civil cases, and relegated to this court the question as to whether the right had been abused to the detriment of appellant.

In the court below the appellant in opposing the amendment upon which the cause was tried contended that he was not ready upon the new issues thus made, but the trial disclosed no lack of readiness, nor did the motion for new trial disclose the existence of additional evidence which would have affected the result. Indeed no effort during the trial or on motion for new trial was made to show injury in this respect. For these reasons we are of opinion the assignments assailing the action of the court in allowing the amendments should be overruled.

The count of the returns by the commissioners court gave Fly 949 votes, Bailey 946 votes, and Thurmond, the third candidate for the

office, 473 votes. On the trial the evidence was heard and the ballots recounted. After certain deductions from and additions to the vote of each party the court found as a fact that Fly had received 939 legal votes and Bailey 938. We do not deem it necessary to set out the voluminous facts upon which the court reached this conclusion. We deem it sufficient to set out the state of the record as to each voter the legality of whose vote is the subject of an assignment of error.

When the trial court announced his conclusion disclosing a majority of one for the appellee, the appellant moved the court to order a new election on the ground that it was impossible to determine from the evidence which of the parties was entitled to the office. The court overruled the motion and his action is assigned as error.

The statute requires the court to order a new election only in case the result of the contest is a tie. The facts in such a contest are to be ascertained as in any other case, and it is the duty of the court as a trier of fact to pass on the credibility of the witnesses and the sufficiency of the evidence and announce the fact result. Unless that result is a tie the judgment must inevitably award the office to the one found to have received a majority of the legal votes cast, however scant that majority may be. After the facts are thus found the court has no discretion as to the nature of his judgment.

Appellant insists that the Guadalupe box should have been thrown out on account of alleged intimidations practiced by one Traylor in asserting, in substance, that he asked only occasional favors of his tenants, and they must vote as he chose or move. These threats, if indeed they were taken as serious, were not shown to have been addressed to his tenants, and it is not shown how his tenants voted. While he worked at the polls as a partisan of Fly, the latter is not shown to have been privy to his conduct. We do not think the voters at that box should be disfranchised on such a slight showing. If a particular voter is shown to have been affected the rule would be different as to him, but of this we shall see further.

The same is true of the allegations of bribery. The result of elections ought not to be disturbed on such vague and intangible grounds.

By the twentieth assignment appellant complains that the trial court erred in refusing to find that the voter John Coleman, of the Guadalupe box, had been intimidated by a threat of eviction from Traylor and thereby induced to vote for Fly. This voter testified that he intended to vote for Bailey, but that wishing to please Traylor, who was his friend, he voted for Fly. He was not a tenant of Traylor but of a relative of his. The voter testified that he was neither intimidated nor influenced by what Traylor said about eviction. His brother, Ben Coleman, was in the same position, openly voted for Bailey, and was not evicted. The assignment is overruled.

By the twenty-third assignment the action of the trial court is brought in question in respect to the admission of the testimony of Thomas Droddy to the effect that the witness McCray had told him

subsequent to the election that he had not claimed Victoria County as his home until less than six months before the election. It seems to be well settled that such post-election declarations of the voter are not admissible as original evidence. Davis v. State, 75 Texas, 428. They were not, however, admitted as such. The voter testified in the case, and, while he claimed to have made Victoria County his home for more than six months preceding the election, his testimony tends to show that he was a transient, floating character making his home where he found work, and it was disclosed as a fact that within six months of the election he had spent thirty-six days in Matagorda County at work. The evidence complained of was admitted to impeach his testimony to the effect that he claimed Victoria as his home and intended to fix his citizenship there. Under the facts as stated by the voter his right to vote depended peculiarly on his purpose. We think as impeaching testimony the evidence of Droddy was admissible. 1 Greenl. on Ev., sec. 462.

McCray voted for Bailey and his vote was excluded by the court. This is also assailed. We do not feel justified in disturbing the conclusion of the court upon this point. He saw the witness and heard him testify. In view of the facts disclosed by his testimony, which tended to support the judgment of the court upon the point, we can not say the court was wrong in refusing to credit his statement that he claimed and intended to make Victoria County his home in time to qualify him to vote at the election in question.

One Terus Mieto voted for Fly and the court refused to sustain the contention that his vote was illegal. Appellant complains of this on the ground that the undisputed evidence is to the effect that he was not a qualified voter. The evidence relied on refers to one Jesus Nieto, and the identity of the one with the other is nowhere shown.

Max Ramos, who voted for Bailey, was held not to have been qualified. Under the evidence we do not feel authorized to disturb this finding.

The legality of the vote cast by the negro Joe Brown for Fly depended on his age, and we think the evidence is ample to sustain the finding that he had attained his majority. Appellant concedes that the evidence on the point is conflicting.

The court did not err in refusing to file conclusions of fact and law, it appearing that the motion therefor was made on the last day of the term and the court certifying that there was not time to prepare them. If the appellant desired them he should have proffered the request sooner, as considerable time elapsed between the date of the judgment and the close of the term.

In view of appellant's contention that the judgment of the court is due to an erroneous calculation and is not sustained by his fact findings included therein, it is well perhaps to pass on such of the cross-assignments as are well taken.

The appellant assailed the vote of one Francisco Soto as illegal, he

having voted for Fly. The court excluded the vote on the ground that the voter was under 21 years of age. He was not called as a witness. His mother stated she thought he was 22 years old. The only evidence adduced by appellant to establish his minority was the deposition of Rev. Pitoye to the effect that he was the custodian of the baptismal records of his church. That the latter required such records to be kept, and that an entry in such records made by some of his predecessors in office showed that Francisco Soto had been baptized in March, 1884, the date of his birth being given as December 3, 1883. This evidence was admitted over the objection of appellee and the point is presented by cross-assignment.

It is doubtless true, upon a familiar principle, that the baptismal record would have been admissible to prove the fact and date of baptism and of any incidental issue which that fact might tend to establish, for that fact was within the peculiar knowledge of the person making the record; it was his duty to make it; and he is shown to be dead. But the date of birth was not within his knowledge and must have been acquired by hearsay. In Town of Union v. Town of Plainfield, 39 Conn., 564, it is held that an entry in a family Bible of the place of birth is not admissible on that issue. Connecticut M. L. Ins. Co. v. Schwenk, 94 U. S., 593, and Metropolitan L. Ins. Co. v. Anderson, 29 Atl. Rep., 606, sustain the conclusion that the evidence was inadmissible. The vote should have been counted for Fly.

We must also sustain appellee's eighth cross-assignment, which complains of the counting of a vote for Bailey upon which the name of both Bailey and Thurmond are printed and neither is erased. There is a pencil mark underneath the name of Thurmond, but the name is untouched and unmarked. The ballot does not disclose the intention of the voter. Article 1741 of the statute expressly forbids the counting of a ballot where the names of two candidates for the same office remain thereon. We are of opinion the record supports the conclusion of the trial court, and no reversible error being shown the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

GILL, Associate Justice.—In passing on the contention of appellant that the Guadalupe and Pleasant Green boxes should be thrown out and not counted at all because of the misconduct of one Traylor, we stated in the main opinion that as Fly was not shown to have been privy to the practices complained of the contention could not be upheld. Counsel for appellant seems to have misapprehended our meaning. Of course we did not mean to be understood as holding that Fly would not be the loser to the extent of any votes shown to have been improperly influenced whether with or without his knowledge or consent. We meant no more than that in the absence of Fly's connivance or procurement the box would not be entirely thrown out merely on the showing

that Traylor had improperly influenced a portion of the voters at that point, or of efforts on his part in that direction not shown to have been effective.

We are still of opinion that if bribery or intimidation is relied on to defeat an election or to secure the elimination of a part of the vote the allegation must be proven as any other, that is to say, either by circumstances or direct proof. In this case, except as to John Coleman, whose vote is disposed of in the main opinion, the proof fails to identify a single voter who was influenced by the conduct complained of, or to establish that any were so influenced. Appellant confesses his inability to name or identify one. We know of no reason why the rule as to the quantum of proof should be more liberal in this character of case than another  In every litigation the plaintiff must make out his case.

We are aware of the rule requiring the elimination of an entire box where practices are resorted to which necessarily or probably influence a large number of voters, and where by reason of their nature the effect is rendered impossible of definite ascertainment. But this case does not present such a situation. The bribery complained of and sought to be established was brought to bear, if at all, upon individual voters. It is not shown that the efforts were in any instance effective, even if it be conceded that the efforts were shown to have been made.

As to the general threat of eviction against the tenants of Traylor's relatives, they could have been identified and their votes shown. This was not done.

We think we were justified in our conclusion that on the issue of threats and bribery we were not authorized to disturb the judgment.

The issue was made by plaintiff as one of the grounds of contest and was affected by the amendments complained of as having been erroneously allowed. On the question of the amendments we must adhere to our first conclusion. Whether the amendments were of such a nature as to operate to the injury of appellant was a question addressed first to the sound discretion of the trial court. The incidents of the trial seem to have justified his action. No absent proof was suggested, though the trial extended over several days. Every material issue was sharply contested and the facts developed. The new matters complained of as having operated as a surprise consisted of assaults on the legality of certain votes for Bailey.

The brief complains of the court's action as to but two of these, and as to them not upon the ground that contestant was not prepared upon the issues. We think it fairly appears the surprise complained of resulted in no injury to appellant. We deem it unnecessary to add anything further to what has been written. The motion is overruled.

*Overruled.*