MATTHEW J. KANE, Chief Justice.
JOHN B. TURNER, Vice Chief Justice
R. H. LOOFBOURROW,
FINIS E. RIDDLE,        }Justices.
W. R. BLEAKMORE,

---

### MULLEN et al. v. HOWARD.

No. 3080.   Opinion Filed October 13, 1914.

(143 Pac. 659.)

1.   EVIDENCE—Documentary Evidence—Land Patents.  In an action for rent between white citizens of the state, where the complaint states a cause of action under section 3802, Rev. Laws 1910, which provides, ''The occupant of any land, without special contract, shall be liable for the rent to any person entitled thereto,'' copies of allotment and homestead patents, exemplified in pursuance of the law of the state, offered by plaintiff to sustain the issues in his behalf, are admissible in evidence.

2.   INDIANS—Lands—Action for Rent—Defenses Available Under General Denial.  In such an action under the Code, whether the Indian lessor of the plaintiff is competent to make a lease without having the same approved by the county court, and the other questions sought to be raised in relation to the age of said lessor, his quantum of Indian blood, and the alienability of his surplus and homestead allotment constitute defensive matter which is not available to the defendant under a general denial.

(Syllabus by the Court.)

*Error from County Court, Love County;*
*R. A. Keller, Judge.*

Action by Geo. C. Howard against J. S. Mullen and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*H. A. Ledbetter,* for plaintiffs in error.

*Eddleman & Graham,* for defendant in error.

KANE, C. J. This was an action for the recovery of the sum of $200 as rent for certain real estate, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below, before a justice of the peace, where a default judgment was rendered in favor of the plaintiff. Thereafter the cause was appealed to the county court where, upon trial, judgment was also rendered for the plaintiff, to reverse which this proceeding in error was commenced.

The complaint stated facts sufficient to constitute a cause of action under section 3802, Rev. Laws 1910, which provides:

. "The occupant of any land, without special contract, shall be liable for the rent to any person entitled thereto."

The answer was a general denial. To sustain the issues on his behalf, the plaintiff offered in evidence a certified copy of the allotment and homestead patents of the lands and a lease from the allottee covering the period for which rent was claimed. Counsel for defendants contends that it was error to admit these patents in evidence, for the reason that whether such instruments are admissible is governed by section 8, Act Cong. April 26, 1906, c. 1876, 34 St. at L. 137, entitled "An act to provide for the final disposition of the affairs of the Five Civilized Tribes * * * and for other purposes," and that said patents were not certified as required by said act. On the other hand, it is contended that the instruments introduced in evidence are properly authenticated, as required by the laws of the state, and as the controversy is between white citizens of the state, the laws of the state should govern their admission. We

think the latter position is well taken. This is merely a statutory action for rent between white citizens of the state, and the laws of the state not only govern the form of action, but also the rules of evidence applicable thereto. The patents offered in evidence were properly exemplified under section 5112, Rev. Laws 1910, which provides:

"Exemplifications from the books of any of the departments of the government of the United States, or any papers filed therein, shall be admitted in evidence in the same manner and with like effect as the originals, when attested by the officer having the custody of such originals."

By virtue of section 5113, Rev. Laws 1910, the signature of the officer to such certificate "shall be presumed to be genuine until the contrary is shown."

Under the Code, whether the Indian lessor of the plaintiff was competent to make a lease without having the same approved by the county court, and the other questions raised touching the age of said lessor, his quantum of Indian blood, and the alienability of his homestead and surplus allotments constitute defensive matter which is not available to the defendant under a general denial. *Wilbur v. Collin,* 4 App. Div. 417, 38 N. Y. Supp. 848.

Finding no error in the record, the judgment of the court below is affirmed.

All the Justices concur.