## MARKS et al. v. FOREMAN.

No. 6118—Opinion Filed Oct. 9, 1917.

(168 Pac. 237.)

(Syllabus.)

1. **Evidence—Hearsay—Enrollment Records.**

In cases involving the validity of conveyances of lands allotted to a Creek freedman, made prior to the taking effect of Act Cong. May 27, 1908, c. 199, 35 St. at L. 312, where there are living witnesses in court who testify to the age of the allottee, the enrollment records of the Commission to the Five Civilized Tribes as to the age of such allottee are hearsay and inadmissible.

2. **Appeal and Error—Harmless Error—Admission of Evidence.**

Where there was a conflict in the evidence as to the age of a Creek freedman who had executed a conveyance of his allotted land prior to the taking effect of the act of Congress of May 27, 1908, and the enrollment records of the Commission to the Five Civilized Tribes were admitted in evidence over objection, and it appears probable that the verdict of the jury and the judgment of the court were influenced thereby, the cause will be reversed.

Kane, Thacker, and Miley, JJ., dissenting.

Error from District Court, Washington County: R. H. Hudson, Judge.

Action by Zachariah Foreman against L. W. Marks and others. Judgment for plaintiff, and defendants bring error. Reversed, and cause remanded for new trial.

Sherman, Veasey & O'Meara, for plaintiffs in error.

E. Robitaille and B. T. Hainer, for defendant in error.

HARDY, J. Zachariah Foreman, a Creek freedman, commenced this action to recover possession of certain land which had been allotted to him and which he alleged had been wrongfully withheld by defendants, and for damages. Defendants answered, setting out title in themselves through a certain deed executed by plaintiff to defendant L. W. Mark, dated March 30, 1905.

The only issue submitted to the jury was whether plaintiff was 21 years of age when the deed to Marks was executed. To the interrogatory submitting this question the jury answered, "No." Over objection the court admitted in evidence the enrollment records of the Commission to the Five Civilized Tribes, consisting of the testimony of Robert Laflace, uncle of plaintiff, taken at the time of his enrollment, also the findings of the Commission and the census card, from which it appeared that plaintiff was a minor upon the date that the deed to Marks was executed. The admission of this evidence is assigned as error, and this is the sole reason urged for the reversal of this cause. The deed in question was executed before the passage of the act of Congress of May 27, 1908, and the evidence was not competent to prove the age of plaintiff under the circumstances of this case. Perkins v. Baker, 41 Okla. 288, 137 Pac. 661; Grayson et al. v. Durant, 43 Okla. 799, 144 Pac. 592; Smith v. Bell, 44 Okla. 370, 144 Pac. 1058; Harris v. Hart, 49 Okla. 143, 151 Pac. 1038. Because the jury returned a special verdict, it is urged that the finding made by them was merely advisory to the court, who made findings of fact and specifically found that plaintiff was a minor on March 30, 1905, which finding is supported by the evidence, and that under the well-settled rules of this court the finding by the court should not be disturbed. Plaintiff testified as to his own age, stating that he was under 21 years of age on the date of the deed, and in this he was corroborated by the testimony of the midwife who attended at his birth, but the testimony of the midwife was considerably shaken upon cross-examination. Defendants offered testimony as to the size and general appearance of plaintiff at the time, and also proved statements made by plaintiff and his father at various times, from which it would appear that he was an adult on the date that said deed was executed. Thus there was a substantial conflict in the evidence, and it is highly probable that the jury was influenced in arriving at their verdict by a consideration of the evidence complained of. Under these circumstances the error is not harmless. Meek v. Daugherty, 21 Okla. 859, 79 Pac. 557; Brison et al. v. McKellop, 41 Okla. 374, 138 Pac. 154; Harris v. Hart, 49 Okla. 143, 151 Pac. 1038; Guthrie v. Mitchell, 38 Okla. 55, 132 Pac. 138.

The court, having held the evidence competent and permitted the same to be considered by the jury, undoubtedly considered it when making his findings. We say this because the court instructed the jury that,

while these records were not conclusive upon the point at issue, they could be considered by them in connection with the other evidence. Having held the evidence competent, and refused to strike it out, the court undoubtedly considered it when making his findings. This being true, its admission was prejudicial. Kennedy v. Pawnee Trust Co., 34 Okla. 140, 126 Pac. 548; Ins. Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247.

The deed was executed after the lands were selected in allotment in pursuance of an agreement so to do made before the selection. This agreement was void, and could not have been enforced against plaintiff. Lynch et al. v. Franklin, 37 Okla. 60, 130 Pac. 599; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56; Franklin v. Lynch, 233 U. S. 269, 34 Sup. Ct. 505, 58 L. Ed. 954.

After the lands were selected, if plaintiff were an adult, there was no statute which would prohibit a sale thereof by him, as all restrictions against the alienation thereof were removed by Act of Cong. April 21, 1904, c. 1402, 33 Stat. 189. Neither would the provisions of Act Cong. April 26, 1906, c. 1876, § 19, 34 Stat. 144, render the deed void because that act was not retroactive and did not apply to conveyances executed before its passage and approval. Casey v. Bingham, 37 Okla. 484, 132 Pac. 663.

The one vital point at issue being whether plaintiff was a minor when he executed the deed to Marks, and the testimony complained of being directed to that issue, and its consideration having undoubtedly influeced both the jury and the court, the judgment is reversed, and the cause remanded for a new trial.

All the Justices concur except KANE, THACKER, and MILEY, JJ., who dissent.

THACKER, J. (dissenting.) I am unable to concur in this opinion. Under section 6005, Rev. Laws 1910, the judgment of the trial court in this case cannot be reversed unless, after an examination of the entire record, it appears that the admission of the enrollment records in evidence "probably resulted in a miscarriage of justice," as it is clear that its admission constitutes no substantial violation of any constitutional or statutory right. My own views as to the effect of this section of the statutes are fully set forth in my concurring opinion in the case of Potter v. Womach, 63 Okla. 107, 162 Pac. 801. And I am unable to concur in the opinion of the court in this case, for the reason that it does not appear that the admission of this evidence has "prob-ably resulted in a miscarriage of justice," in view of the fact that these records do not purport nor tend to show that the plaintiff was a minor on March 30, 1905, when he executed the deed in question, but merely purport and tend to show that he had attained to the age of 17 years on April 10, 1901, and therefore that he was not more than 11 days under nor more than 11 months and 19 days over the age of 21 years at the date of his deed, so as to narrow the inquiry to the ascertainment of when, within the year prior to the close of April 10, 1905, he was in fact 21 years of age. This is so even under the subsequent and therefore inapplicable act of Congress of May 27, 1908, effective July 27, 1908, making such records conclusive as to age. Jackson v. Lair, 48 Okla. 269, 150 Pac. 162; Gilcrease v McCullough, 63 Okla. 24, 162 Pac. 178; Heffner v. Hannon, 60 Okla. 153, 159 Pac. 650; Jordan v. Jordan, 62 Okla. 171, 162 Pac. 758.

There was a sharp conflict between the evidence for the plaintiff, consisting of the testimony of himself and the midwife who attended his mother at the time of his birth, that he was not 21 years of age until May 22, 1905, and the presumption arising from the execution of the deed and the testimony of Marks and Coombs that he stated that he was 21 years of age when he executed the same on March 30. 1905, and of Marks that "he looked all of it" and had been trading horses, etc., before that date; but the question as to whether he had attained his majority at the time he executed the same was a question for the jury, with the determination of which this court cannot properly interfere, since it does not appear that the error complained of has probably resulted in a verdict that would not otherwise have been returned, or, in other words, in a miscarriage of justice.