**HUGHES et al. v. WATKINS et al.**

No. 8988—Opinion Filed May 28, 1918.

Modified and Refiled July 15, 1919.

(Syllabus by the Court.)

1.—Indians—Allotted Lands—Heirship—Evidence—Records of Indian Department.

Where, in an action involving the lands allotted to the heirs of a deceased Creek In-

dian, the sole issue submitted for determination is whether the plaintiffs, or an enrolled freedman through whom the defendants claim title, is the heir, the census card and the enrollment record of the freedman and the proof of heirship, made before the Indian Department after the commencement of the action, are each incompetent upon the issue submitted, and were rightfully excluded when offered in evidence by the defendants.

**2. Evidence—Books and Papers—Certified Copy—Statute.**

Section 5112, Rev. Laws 1910. making "exemplifications from the books of any of the departments of the government of the United States. or any papers filed therein," admissible in evidence "in the same manner and with like effect as the originals. when attested by the certificate of the officer having the custody of such originals," makes such certified copies admissible only in cases where the original record would be competent and admissible.

**3. Indians—Inheritance of Allotment—Sufficiency of Evidence.**

The evidence in the record in the instant case examined, and found to support the finding and judgment of the trial court.

Error from District Court. Creek County; R. W. Higgins. Assigned Judge.

Action by Cornelia Watkins. nee Nero, and others. against Gordon C. Hughes and others. Judgment for the plaintiffs, and the defendants bring error. Affirmed. [Note—This opinion has been edited in accordance with a later, supplementary opinion by the court making certain modifications. The later opinion is appended hereto.]

J. R. Miller. T. R. Dean. and McDougal. Lytle. Allen & Hodges. for plaintiffs in error.

Fred M. Carter. for defendants in error.

GALBRAITH. C. The defendants in error. as plaintiffs in the court below. commenced this action to establish their title by inheritance to the allotment of Nicey Sizemore, a deceased member of the Creek Indian Tribe. enrolled as a full blood, and to cancel certain deeds and leases as clouds against their title. the allottee having died April 14. 1899. and the patent for the allotment having been issued in the name of her heirs on the 25th day of July, 1904. The plaintiffs in error. who were defendants below. claim title to the allotment through mesne conveyances from one Lucy Barnett, enrolled as a Creek freedman. and whom it was contended was a sister to Nicey Sizemore. and her sole surviving heir.

Under the issues made by the pleadings. as stated in the plaintiffs in error's brief.

the sole question presented to the trial court was:

"Who were the heirs of the said Nicey Sizemore, whether the said Lucy Barnett or the defendants in error."

This issue was submitted to the court for determination. The court found in part as follows:

"(1) That the lands involved herein, to wit: Lots 1 and 2 and the southwest quarter of the northeast quarter, and the southeast quarter of the northeast quarter of section 5, township 18 north, range 12 east, situate in Creek county, Okla., and containing 160 acres, more or less, were duly allotted and patented to the heirs of one Nicey Sizemore, deceased, the allotment certificate being issued on the 7th day of May, 1902, and patents thereto from the Creek Nation to the heirs of said Nicey Sizemore were issued on the 25th day of July. 1904, as and for the distributive share of the lands of the Creek Nation to which the heirs of the said Nicey Sizemore, deceased, were entitled.

"(2) The court further finds that the said Nicey Sizemore was a duly enrolled full-blood Creek citizen of the Creek Nation. and that the plaintiffs herein are duly enrolled citizens of the Creek Nation of one-eighth Indian blood, and that one Lucy Barnett, under whom defendants, Gordon C. Hughes et al., claim title to said lands, was a duly enrolled citizen of the Creek Nation on the freeman rolls.

"(3) The court further finds that the said Nicey Sizemore died intestate in what was then Creek Nation on the 14th day of April, 1899, and that at the time of her death she left surviving her neither mother. father, brother, sister, children, or the descendants of children, but that she left surviving her as her sole and only heir at law the plaintiffs herein. to wit. Cornelia Watkins. nee Nero, Mary McGee, Joseph Nero. Abbie Holt. Tokie Riddle, Governor Nero. Annie Hutton, Phenia White. Thomas Post, Nellie Rowland, Homer Post. Polly Burtrum. Ellie White, and Fay Thompson.

"(4) The court further finds that the said Lucy Barnett. under whom Gordon C. Hughes. Lena M. Burnes, Evelyn Shurmard. and John Hollingshed claim title and the right of possession to the above-described lands. was not an heir at law of the said Nicey Sizemore, that the said Lucy Barnett was neither a sister nor a half-sister of the said Nicey Sizemore, nor was she related by blood in any degree, but that the said Lucy Barnett was a stepsister to the said Nicey Sizemore.

"(5) The court further finds that Nicey Sizemore was a daughter of one Governor Nero. and that the said Governor Nero was also the father of one William Nero. and that the plaintiffs herein are the children and grandchildren of the said William Nero; that

the said William Nero died intestate in what was then Creek Nation many years prior to the date of the death of Nicey Sizemore."

The court further held that the plaintiffs were the owners of said land, and decreed that the title thereto was in the plaintiffs, and awarded them the possession thereof, and canceled the deeds and leases as prayed in the plaintiff's petition, and assessed the costs of the action against the defendants.

The principal assault made upon this judgment upon this appeal is based on two grounds, namely: (1) That the judgment is not supported by sufficient evidence; (2) that the court erred in excluding certain record evidence offered in behalf of the plaintiffs in error.

An examination of the record discloses that a number of witnesses testified that Nicey Sizemore, the deceased allottee, was a daughter of Governor Nero, a negro, and a full-blood Creek Indian woman, and that Lucy Barnett was the daughter of Governor Nero and a negro woman called Polly. The record evidence admitted and offered supports this testimony, inasmuch as the enrollment card of Nicey Sizemore, admitted, establishes the fact that she was enrolled as a full-blood Creek Indian, and the card of Lucy Barnett, offered and excluded, shows that she enrolled as a freedman. The evidence in the record establishes the fact with reasonable certainty that Nicey Sizemore was a half-cast Indian, and that Lucy Barnett was a full-blood negro. The evidence clearly supports the claim that Nicey Sizemore and Lucy Barnett did not have the same mother or father, and therefore sustain the finding of the trial court that they were not sisters, and that Lucy Barnett was not an heir of Nicey Sizemore.

Under the second ground of attack the plaintiffs in error offered in evidence the census card of Lucy Barnett, offering the same as proof of pedigree. This, upon objections, was excluded. It is now contended that a certified copy of this card was admissible in evidence under the statute of Oklahoma (section 5112, Rev. Laws 1910) making "exemplifications from the books of any of the departments of the Government of the United States, or any papers filed therein," admissible in evidence "in the same manner and with like effect as the originals, when attested by the officer having the custody of such originals. It is sufficient to say in answer to this contention that this statute only makes admissible certified copies of such official records "in the same manner and with like effect as the originals"; that is, where

the originals would be competent or relevant. In this instance the original records were not competent or relevant, and therefore the certified copies offered in evidence were not competent or relevant and were rightfully excluded. Mullens et al. v. Howard, 43 Okla. 531, 143 Pac. 659. This card was later assembled with the remaining portion of the enrollment record of Lucy Barnett, and offered in evidence. This offer, upon objections, was also excluded upon the ground that it was not relevant or competent to establish any issue in the case. This ruling is also complained of. It is apparent that the principal object of this offer was to get in evidence a certain pencil notation made upon the census card, as follows:

"Lucy is a daughter of Governor Nero and Polly Nero (deceased) on North Fork Col. Roll."

This record was not competent evidence upon the issue of pedigree for which it was offered. The pencil notation upon the card above quoted, reciting the pedigree, would have had little, if any, probative force as evidence, if it had been admitted, but it was incompetent for any purpose and was properly excluded.

So in the instant case, the issue being as to who were the heirs of Nicey Sizemore, the enrollment record of the party through whom one set of claimants based their claim to heirship was not competent or relevant to the issue submitted, and was rightfully excluded by the trial court.

The defendants also offered in support of their claim a certified copy of the proof of heirship made before the department at Muskogee after this action was commenced in the court below. This record consisted of various affidavits from persons who asserted that Lucy Barnett and Nicey Sizemore were sisters, but this proof was taken ex parte, and the adversary was not present and had no opportunity to cross-examine the witnesses. This record was not relevant or competent proof upon the issues on trial in the instant case, and its exclusion by the trial court was not error.

The testimony offered on behalf of the plaintiffs clearly shows that Nicey Sizemore was of only half Indian blood, that her father was a negro, and her mother an Indian, and it equally supports the claim that Lucy Barnett was a full blood negro, that both her father and mother were negroes, and otherwise fully supports the findings of the trial court that Lucy Barnett was not a blood relative of Nicey Sizemore, and that she was not her heir.

We therefore find that the judgment appealed from should be affirmed.

PER CURIAM. Shortly after the opinion in the foregoing case was handed down, an order was made withdrawing it for correction. That portion of the statement in the opinion beginning with subdivision 1, down to and inclusive of the words "enrolled as a freedman," should, in order to accurately state the facts, read as follows:

"An examination of the record discloses that a number of witnesses testified that Nicey Sizemore, the deceased allottee, was a daughter of Governor Nero, a negro, and a full-blood Creek Indian woman, and that Lucy Barnett was the stepdaughter of Governor Nero and the daughter of a negro woman called Polly. The record evidence admitted and offered supports this testimony, inasmuch as the enrollment card of Nicey Sizemore, admitted, establishes the fact that she was enrolled as a full-blood Creek Indian, and the card of Lucy Barnett, offered and excluded, shows that she was enrolled as a freedman."

Also, there should be stricken from the opinion the third paragraph of the syllabus and all that portion of subdivision 3 of the opinion treating of the question of the applicability of section 3 of the act of May 27, 1908 (35 Stat. at L. 313, c. 199).

As corrected in this respect, the opinion is approved and adopted and ordered refiled.