## HOLMES v. NELSON.

No. 27862. March 1, 1938.

Melton, McElroy & Vaughn, for plaintiff in error.

Robert Crockett, U. S. Probate Atty., and Hatcher & Bond, for defendant in error.

GIBSON. J. This is an action in ejectment commenced in the district court of Grady county by Lewis Armstrong, guardian of Theodore Roosevelt Nelson, an alleged minor, a full-blood Choctaw Indian, against A. A. Holmes and others. From a judgment in favor of the plaintiff below, the defendant Holmes has appealed. The parties are designated herein as they appeared at the trial.

The land involved is an inherited homestead allotment of a restricted Indian and therefore subject to the acts of Congress relating to the alienation and leasing of such lands (Oklahoma Enabling Act).

Defendant pleaded an agricultural lease executed by the above-named ward under date of January 6, 1936. The issue was the age of the ward on that date. It is conceded that the validity of the lease depended upon the lessor's majority.

The error complained of was the rejection of certain evidence offered by defendant for the purpose of establishing the age of the lessor.

The rejected evidence was a duly certified copy of a proof of heirship, taken from the files and records of the Superintendent of the Five Civilized Tribes, pertaining to the heirs at law of Elizabeth Nelson, nee McClure, the. mother of the plaintiff Nelson. The instrument was executed by the said Lewis Armstrong as guardian of plaintiff and sworn to by him under date of August 10, 1918.

In said proof of heirship the names and ages of the heirs of Elizabeth Nelson, nee McClure, are set out, and the plaintiff's name appears therein with his age placed at three years as of the aforesaid date, August 10, 1918.

We agree with defendant that the affidavit or proof of heirship, being a certified copy of a document on file in the office of the Superintendent of the Five Civilized Tribes, was admissible in evidence in like manner as the original thereof. Section 334, O. S. 1931. Such copies, however, are admissible only in cases where the original would be admissible as competent evidence. Hughes v. Watkins, 75 Okla. 166, 173 P. 369. Although the holding of the court there has been criticized and disapproved when applied to the enrollment records of an allottee of the Five Civilized Tribes (In re McDade's Estate, 95 Okla. 120, 218 P. 532), the rule would apply here. The affidavit in question is not a portion of the enrollment record.

Defendant says that the rejected document was competent and admissible, as evidence to show the plaintiff's age, under the rule that an affidavit made by a party to an action may be offered in evidence by the other party as an admission. That rule, however, does not apply to an admission made by a nominal party to an action such as the guardian or next friend of one under legal disability. The interests of such parties cannot be adversely affected by the statements of their guardians or next friends. 22 C. J. 407, 408, sec. 487; see, also, Missouri, O. & G. Ry. Co. v. Gentry, 31 Okla. 579, 122 P. 537.

The rejected evidence was hearsay. It constitutes a statement by the guardian, who was also an uncle of the ward, that said ward had arrived at the age of three years on or before August 10, 1918, thus indicating at the time of the trial that plaintiff had attained to majority on or before August 10, 1936. Defendant had produced competent evidence to show that

plaintiff was born January 6, 1915, as against plaintiff's evidence that he was born May 1. 1916. We are to say whether this type of evidence is, under the circumstances, permissible to establish age.

Hearsay evidence is sometimes competent to establish the age of a person when based upon statements concerning such age made by members of the person's family or by one known to have been in a position to learn such fact. Mandler v. Harvey, 119 Okla. 185, 249 P. 391; Oklahoma Union Ins. Co. v. Morgan, 168 Okla. 228, 32 P.2d 285. The rule is stated in those cases as follows:

"Hearsay testimony is permissible to establish the date of birth and age of a person when based on statements pertaining to such facts, made by members of the family of the party whose age is in question, or other persons, known to have been so situated as to have had knowledge of such facts."

Generally such declarations of pedigree are limited to statements of deceased relatives. O'Neill v. Lauderdale, 80 Okla. 170, 195 P. 121.

In Marks v. Foreman, 67 Okla. 13, 168 P. 237, this court held incompetent the ex parte testimony of an uncle of the allottee who was seeking to recover his allotted land. There, as here, the only issue was as to the age of the allottee. While it is true that the action there arose before the Act of May 27, 1908, that fact makes the application of the rule more apparent, since the question necessarily was decided on the general rules of evidence.

The case of Perkins v. Baker, 41 Okla. 288, 137 P. 661 (cited in the Marks Case), discloses that there it was contended that the records in the office of the Superintendent of the Five Civilized Tribes showing age of the allottee in question should have been received, first, as conclusive evidence of that fact; second, as a circumstance; third, as prima facie. All three reasons were rejected by the court; the first because the transaction occurred before the Act of May 27, 1908, and the latter two because no reason or excuse of any kind was offered and no predicate was laid to show why the rule requiring the production of the best evidence should be relaxed. The court also rejected an affidavit made by the mother, because proper predicate had not been laid. In this connection the court said further:

"Then, too, ordinarily this class of evidence is admissible only to prove age in pedigree, and not age as a fact. * * *

"The question of the age of Tippie Alberta, for the purpose of this case being one of fact, instead of pedigree, was for the jury."

Here the question of the age of the plaintiff was not necessarily involved in the matters for which the affidavit was made; therefore the age recited is not properly a part of the pedigree. Furthermore,

" 'A case in which the age of an individual is the issue to be determined is not a case of pedigree.' [People v. Mayne, 118 Cal. 516, 50 P. 654, 62 A. S. R. 256.]

And:

"While a witness may * * * testify as to his own age from hearsay, he may not be permitted to testify as to the age of another person upon the basis of hearsay." Freeman v. First National Bank of Boynton, 44 Okla. 146, 143 P. 1165.

The rule that one may testify as to his own age was applied in Harris v. Hart, 49 Okla. 143, 151 P. 1038. In that case, however, the testimony as to age, taken before the Dawes Commission, was said to be incompetent when evidence of a higher degree was at hand. Although a witness may testify as to his own age, we are not cited to any case where his affidavit may be used in place of his testimony to establish the fact, if he is available. In the first place, his own testimony is the best evidence of what he says and statements made by him out of court are purely hearsay. Then, if those statements made out of court are themselves hearsay as to the facts attempted to be related, it is evident that the admission of those statements, as affirmative proof, are hearsay testimony of hearsay testimony. It is as if a witness had said: "I was told by his uncle that his mother had told him." The uncle here in effect merely told the Dawes Commission what was told to him. There is nothing in the record to show that the maker of the affidavit was present at the birth of the plaintiff. Therefore, the date of the birth, not necessarily being within the immediate knowledge of the affiant, was as to him itself hearsay. See Bailey v. Fly, 35 Tex. Civ. App. 410, 80 S. W. 675, quoted in Grayson v. Durant, 43 Okla. 799, 144 P. 592:

" 'It is doubtless true, upon a familiar principle, that the baptismal record would have been admissible to prove the fact and date of baptism, and any incidental issue which that fact might tend to establish, for that fact was within the peculiar knowledge of the person making the record, it was his duty to make it, and he is shown to be dead. But the date of birth was not with-

in his knowledge, and must have been acquired by hearsay.'"

Under such holding the affidavit of the uncle would not be admissible, if he were dead; much less could it be admissible while he was alive and present in the court room.

In Bell v. Bearman, 37 Okla. 645, 133 P. 188, affidavits of the mother and sister were offered as to the age of the allottee. The mother unquestionably had absolute knowledge of the birthday, and the sister presumably had firsthand knowledge. Furthermore both were dead. That decision, therefore, furnishes no basis for the admission of such testimony as was offered here.

See State v. Miller, 71 Kan. 200, 80 P. 51, quoted extensively in Grayson v. Durant, supra.

Since the refusal to admit this testimony is the only point presented, and the ruling of the court thereon was correct, the judgment is affirmed.

OSBORN, C. J., and PHELPS, CORN, and DAVISON, JJ., concur.